## IN THE SUPERIOR COURT OF GUAM

ROBERT V. ULLOA, GERALD D.
HARTWICK, PRISCILLA J. HARTWICK,
and KENNETH E. THOMPSON,

       Petitioners,

       vs.

WALTER D. ULLOA, VIVIAN U.
McCURDY, and LISA A. ULLOA,

       Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV1782-11**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Petitioners' motion for appointment of receiver, filed March 21, 2012. Oral arguments were heard on April 26, 2012. Attorney Bill R. Mann represented the Petitioners, Attorney Carlos L. Taitano appeared on behalf of the Respondents, and Attorney Rawlen M.T. Mantanona represented proposed intervenor Chamorro Equities, Inc. ("CEI"). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

This dispute involves the direction and control of CEI, a small family corporation with approximately fifteen (15) shareholders. On February 2, 2012, the Court entered a stay of proceedings on the basis of abatement and the prior pending action doctrine. (Decision and Order, Feb. 2, 2012.) Civil Case No. CV1431-11, currently on appeal in Civil Appeal No. CVA11-020, shall determine the underlying validity of a substitute CEI election before this action may proceed to confirm that election. *Id.*

On March 21, 2012, the Petitioners filed the present motion to appoint receiver or for alternative relief. Petitioners contend that a receiver is necessary, "by the usages of courts of equity," because CEI's competing shareholder factions dispute how to collect and distribute corporate rental income between themselves. 7 GCA § 20501(7). If a receiver is not appointed,



ORIGINAL

the Petitioners move for orders that all CEI rental income be deposited into its frozen bank account. At oral argument, the Petitioners acknowledged that they did not consider the availability of identical relief in the prior pending action, and further stated that it could be more difficult to obtain relief in that case. (Record Log at 10:17, Apr. 26, 2012.)

## DISCUSSION

The power of a court to stay proceedings is incidental to the power inherent in every court to control the disposition of cases before it with economy of time and effort for the court, for counsel and for litigants alike. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706-707, 117 S.Ct. 1636 (1997). Guam law does not exact a standard for a court to lift its stay, although "[l]ogically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Marsh v. Johnson*, 263 F.Supp.2d 49, 52 (D.D.C. 2003).

In this case, the Petitioners move to condition the stay of proceedings upon receivership proceedings or other corporate management orders. The Court entered a stay on the basis of abatement because the management of CEI is at issue in prior pending Civil Case No. CV1431-11 and Civil Appeal No. CVA11-020. The Petitioners provide no authority or persuasive reason for this Court to lift or modify its stay when similar relief may be obtained in the prior pending action. *See e.g.* Guam R. App. P. 12, Guam R. Civ. P. 65, 7 GCA §§ 3107 and 20301 *et seq.* The Court entered a stay in order to avoid multiple conflicting orders between two pending actions. The Court is especially averse to enjoin or direct the management of CEI after it specifically entered a stay in order to avoid conflict with the prior action on this very issue. For these reasons, the Court is not inclined to lift or otherwise modify the stay in order to conduct receivership or other corporate management proceedings. However, in an abundance of caution, the Court shall address the merits of the motion in order to more diligently exercise its discretion.

### I. Appointment of a Corporate Receiver

Under Guam law, a corporate receiver may be appointed for dissolution, insolvency or for, "the usages of courts of equity." 7 GCA § 20501. In general, receivership is a drastic remedy of last resort that is used only when injury can be avoided in no other way. *Chambers v.*



*Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963); *Bracco v. Lackner*, 462 F.Supp. 436, 456 (N.D. Cal. 1978); *A.G. Col Co. v. Superior Court in and for Santa Clara County*, 238 P. 926, 930 (Cal. 1925).

In this case, the Petitioners acknowledge that receivership is a remedy of last resort and offer an alternative remedy.[1] The Court agrees that a receiver is not appropriate because alternative remedies can avoid any harm from income distribution and CEI is not threatened with insolvency. On this basis, the stay shall not be lifted in order to undertake receivership proceedings.

## II. Injunctive Relief

Under Guam law, injunctive relief may be granted to enjoin an act that violates the rights of a party and tends to render a judgment ineffectual. 7 GCA § 20302(3). The purpose of this equitable remedy, "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Tumon Partners, LLC v. Shin*, 2008 Guam 15 ¶ 22 (*quoting Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)). An irreparable injury, "typically focuses on categories of harm that do not easily lend themselves to monetary compensation." *Sule v. Guam Bd. Of Examiners for Dentistry*, 2011 Guam 5 ¶ 12; *see also* 7 GCA § 20302(4) and (5). In other words, "[r]ecoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business." *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985).

In this case, the Petitioners alternatively move for an injunctive order that all corporate rental income be placed in CEI's frozen bank account. The alleged monetary loss from harmful distribution of income is readily ascertainable as money damages. Furthermore, the distribution of rental income does not threaten CEI's very existence or its real property assets. For these reasons, the Court finds that the injury is not irreparable and the stay shall not be lifted in order to enjoin the management of CEI.

---

[1] "The Robert Ulloa faction recognizes that under the case law a receiver may be appointed only as a last resort, and have considered the possibility of alternative remedies. One possibility would be for the Court to order the Defendants to place all CEI revenue into the CEI bank account at FHB." (Memorandum in Support of Petitioner's Motion for Receiver, 7, Mar. 21, 2012.)

ORIGINAL

Page 3 of 4

## CONCLUSION

Based upon the foregoing, the Petitioner's motion for receiver or alternative relief is hereby DENIED and the stay of proceedings shall not be lifted or modified pending a final resolution of Civil Appeal No. CVA11-020.

**SO ORDERED** this 29TH day of June, 2012.

Original Signed By:
Hon. James L. Canto II

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

SERVICE VIA COURT E

I acknowledge that a copy of the original hereto was placed in the corresponding box of...

MANN, C. TAITANO
R. MANTANONA
06/29/12

ORIGINAL